Freund *v.* Paten.

———————————

BERNHARD FREUND, Appellant, *against* JOHN H. PATEN, Respondent.

(Decided February 6th, 1882.)

Upon trial of an action where false representations were alleged by the plaintiff to have been made by the defendant, such as would render the debt sued on "a debt created by fraud," within U. S. R. S. § 507, and therefore not affected by the discharge of the defendant in bankruptcy, set up by him as a defense, the jury were instructed that if they should be in doubt whether the defendant made the representations charged against him, or whether the defendant intended to cheat and defraud plaintiff, they must give the defendant the benefit of such doubt, and find a verdict in his favor. *Held,* that this was error, for which a judgment for defendant should be reversed.

APPEAL from a judgment of the general term of the Marine Court of the City of New York affirming a judgment of that court entered upon the verdict of a jury and an order denying a motion for a new trial.

The action was brought upon two promissory notes made by the defendant payable to the plaintiff or order. The defendant's answer alleged the filing of his petition in bankruptcy, after the making and delivery of the notes, and his discharge from all claims provable against his estate on August 16th, 1878, which would include the notes in suit. The plaintiff replied, alleging fraudulent representations of solvency by the defendant when the goods were purchased and the notes given for their price.

The jury rendered a verdict for the defendant, and a motion by the plaintiff for a new trial upon the minutes was denied. The judgment and order were affirmed by the general term of the Marine Court; and from the decision the plaintiff appealed to this court.

*Abram Kling*, for appellant.—The rule of law as charged has only application to criminal cases, and not to those of a civil character, in which latter it becomes the duty of the jury to find for the party in whose favor the evidence preponderates, independent of any doubt (*Johnson* v. *Agricultural Ins. Co.*, 13 Week. Dig. 144; *People* v. *Schryver*, 42 N. Y. 1; *Gordon* v. *Parmelee*, 15 Gray, 413; *Kane* v. *Hibernia Ins. Co.*, 39 N. J. L. 697; *Ford* v. *Chambers*, 19 Cal. 143; *Bradish* v. *Bliss*, 35 Vt. 326; *Walker* v. *Wallace*, 19 Mich. 57; *Bessel* v. *Wert*, 35 Ind. 57; *Scott* v. *Home Ins. Co.*, 1 Dillon, 105; *People* v. *Wreden*, 12 Rep. 682; *People* v. *McCann*, 16 N. Y. 58).

*Charles Blandy*, for respondent.—The propositions charged are strictly correct. The first is, regarding the representations, and the latter is, regarding the intention not to pay. The charge is nothing more than that the *onus probandi* was upon plaintiff to prove both, and that he was bound to do so to the satisfaction of the jury, otherwise he failed. It is true that the term "giving the benefit of the doubt" is more aptly applied to criminal cases; but is it error to charge in that language in a civil action which is *quasi* criminal in its nature? Every presumption is in favor of honesty and freedom from

crime, and the proof should be as clear as in a criminal prosecution for the same crime (*Paret* v. *Segall*, 12 Week. Dig. 535; *Clark* v. *Dibble*, 16 Wend. 601 ; *Woodbeck* v. *Keller*, 6 Cow. 118; *McKinley* v. *Robb*, 20 Johns. 350; *Hopkins* v. *Smith*, 3 Barb. 599 ; *Alby* v. *Rapalje*, 1 Hill, 9). The leading case in England on the question is *Thurtell* v. *Beaumont* (1 Bing. 339) ; other cases holding the same are *Chalmers* v. *Shackell* (6 Car. & P. 475); *Wilmot* v. *Harmer* (8 Car. & P. 695); *Neely* v. *Luck* (Id. 532); *Magee* v. *Mark* (11 Ir. L. R. N. S. 449); and see Steph. Dig. Ev. 98. The same ruling has been made in Pennsylvania (*Steinman* v. *McWilliams*, 6 Barr 170; *Gorman* v. *Sutton*, 32 Pa. St. 247); in Maine (*Thayer* v. *Boyle*, 30 Me. 475 ; *Butman* v. *Hobbs*, 45 Me. 227); in Illinois (*McConnel* v. *Delaware, &c. Ins. Co.*, 18 Ill. 228 ; *Darling* v. *Banks*, 14 Ill. 46); in Tennessee (*Coulter* v. *Stuart*, 2 Yerg. 225); in Indiana (*Lenter* v. *McCowen*, 8 Blackf. 495; *Bryket* v. *Monehon*, 7 Blackf. 83); in Florida (*Schultz* v. *Pacific, &c. Ins. Co.*, 14 Fla. 73 ; *S. C.*, 1 Ins. L. Jour. [1872] 495); in Missouri (*Polston* v. *Lee*, 54 Mo. 291); in Iowa (*Ellis* v. *Lindley*, 38 Iowa, 461; *Fountain* v. *West*, 23 Iowa, 1); in New Jersey (*Kane* v. *Hibernia, &c. Ins. Co.*, 38 N. J. L. 441 ; *S. C.*, 19 Am. R. 747; *Berckman* v. *Berckman*, 17 N. J. Eq. 453 ; *Taylor* v. *Morris*, 22 N. J. Eq. 606); in Ohio (*Strader* v. *Mulvane*, 17 Ohio, 624; *Lexington, &c. Ins. Co.* v. *Paver*, 16 Ohio St. 324); in Wisconsin (*Freeman* v. *Freeman*, 31 Wis. 235). See *Chaffee* v. *United States* (18 Wall. 545); *The Mohler* (21 Wall. 230); and 1 Greenl. Evid. 12th ed. 76, § 65 ; Roscoe's Crim. Evid. 73; 1 Deac. Dig. Crim. L. 459 ; 1 Phil. Evid. 506 ; 2 Russ. Crimes, 588; *Rex* v. *Watson* (2 Stark. 116, 155); *Lord Melville's Case*, (29 How. St. Tr. 376); *United States* v. *Britton* (2 Mas. 464) ; 2 Greenl. Evid. 13th ed. 368, § 408.

The rules of evidence are the same in civil and criminal cases. The character of the act to be proved, and not the position of the party, determines the degree of proof to be required (*Schultz* v. *Pacific, &c. Ins. Co.*, 14 Fla. 73 ; and see Taylor Law of Evid. 7th Ed. 126).

BEACH, J.—Under the Bankruptcy Act (U. S. R. S. § 507), it is provided that " no debt created by the fraud of the bankrupt . . . . shall be discharged by proceedings in bankruptcy." This issue was clearly raised by the plaintiff's reply, and even without that pleading, he would have been entitled to prove it, on the trial, in answer to the discharge, without any allegation in his complaint, it being no part of his cause of action, but an affirmative defense to the promissory notes upon which he declared (*Argall* v. *Jacobs*, Court of Appeals, MSS. opinion).

Upon the trial the learned judge charged the jury, if they should be in doubt whether the defendant made the representations charged against him, they must give the benefit of such doubt to defendant and find a verdict in his favor. And further, if the jury should be in doubt whether defendant intended to cheat and defraud plaintiff, the benefit of such doubt must be given to defendant, and a verdict found in his favor. To these instructions exceptions were taken, and in my opinion should be sustained.

In civil cases the jury should decide issues of fact according to the weight of evidence, and it is sufficient if the evidence on the whole agrees with and supports the hypothesis which it is offered to prove. In criminal cases it must produce a moral certainty of guilt and exclude any other reasonable hypothesis (Stark. Evid., 813, 816; *Johnson* v. *Agricultural Ins. Co.*, 13 Week. Dig. 144; *People* v. *Schryver*, 42 N. Y. 1). It is said in Starkie on Evidence, *supra*, that in some contests as to civil rights a mere preponderance of evidence may be insufficient, where it falls short of fully disproving a legal right once admitted or established, or of rebutting a presumption of law. Other exceptional cases are actions of libel or slander wherein the charge is the commission of a criminal offense. A plea of justification requires the same degree of evidence as would be necessary to convict the plaintiff in a criminal prosecution for the same offense (Townshend on Libel, 674; *Woodbeck* v. *Keller*, 6 Cow. 118).

The instructions given the jury were plainly not in accord with the legal rule, and more strongly marked by the omission of the term " reasonable " in qualification of " doubt." The

plaintiff's counsel, by excepting to the court's charge of legal propositions, did all needful to present the question. Under such circumstances counsel are not called upon to suggest amendments or changes to the court, but may rely upon the exception (*Goldman* v. *Abraham*, 10 Week. Dig. 108; *Allis* v. *Leonard*, 58 N. Y. 291).

The judgment should be reversed and a new trial ordered, with costs to abide the event.

VAN BRUNT, P. J.—I concur in the result of the foregoing opinion; but I do not concur in it so far as it seems to assume that if the judge in the court below had used the words "reasonable doubt" his charge would have been correct. No party to a civil action is bound to make out his case beyond a reasonable doubt, unless in order to make out his case it is necessary to prove a felony. An issue in a civil action is made out when there is a preponderance of evidence in favor of the party supporting the issue. If there are fewer doubts in the minds of the jury upon that side of the case than upon the other, then such party is entitled to a verdict because a preponderance of evidence exists.

Judgment reversed and new trial ordered, with costs to abide event.