WILLIAM O'NEILL, Appellant, v. FREDERICK EWERT, Respondent.

First Department, November 7, 1919.

Motor vehicles — negligence — action for injuries to pedestrian struck by an automobile — verdict contrary to weight of evidence — duty of pedestrian to look for an approaching automobile — contributory negligence — relative rights of pedestrian and automobile on street.

In an action by the plaintiff to recover damages for injuries received by being struck by the defendant's automobile, the testimony of the plaintiff, which was corroborated by a disinterested eye-witness and in part by two other disinterested witnesses, which clearly established a case of negligence on the part of the defendant, is not met by the testimony of the defendant alone, and a verdict of the jury in favor of the defendant is clearly against the weight of the evidence.

A pedestrian who observes an approaching automobile some sixty feet distant as he is about to cross at a street intersection is not guilty of contributory negligence, as a matter of law, by failing to look a second time.

Whether or not a pedestrian who attempts to cross a street in front of an approaching automobile is guilty of contributory negligence is for the jury to say under all the circumstances, considering the distance of the automobile from him when he first sees it, and the distance which he has to walk in order to pass beyond its course.

The law does not put upon a pedestrian the burden of looking any particular number of times to observe approaching vehicles, nor does it say when he must look. He is not bound, as matter of law, to look at a particular time or to stop to permit an approaching vehicle to pass. Unless the vehicle is close upon him, he may proceed upon his way, and whether or not in proceeding he is observing due care, is a question of fact for the jury.

APPEAL by the plaintiff, William O'Neill, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of March, 1918, upon the verdict of a jury, and also from an order entered in said clerk's office on the 30th day of March, 1918, denying plaintiff's motion for a new trial made upon the minutes.

*Alfred L. Marilley,* for the appellant.

*William Dike Reed* of counsel [*William B. Shelton* with him on the brief], for the respondent.

MERRELL, J.:

This is an appeal from a judgment entered in favor of the defendant and against the plaintiff in an action brought to recover for personal injuries.

The plaintiff, a man of the age of fifty years, and by trade a mason, was injured in the late afternoon of November 15, 1916, by being run down by an automobile owned and driven by the defendant near the corner of Fifty-second street and Second avenue in the city of New York.

The plaintiff testifies that about five o'clock on the afternoon of the accident he left his work on Fifty-ninth street and proceeded toward his home, which is situated on First avenue between Fifty-first and Fifty-second streets; that in thus proceeding he came down Third avenue to the southerly side of Fifty-second street, and walked thence easterly on

the southerly side of Fifty-second street until he reached Second avenue, when he left the curb and proceeded to cross Second avenue on the line of the southerly sidewalk on said street. Plaintiff testifies that before leaving the curb he glanced to the north and to the south and could see no approaching vehicle from either direction; that as he reached the westerly rail of the south-bound track, and when, being beneath the elevated railway structure on said avenue, he obtained a clear view to the north and south, he again looked in both directions and saw approaching a short distance northerly from the north crosswalk the automobile van driven by the defendant. At that time, he testifies that the van was about sixty feet away and coming directly toward him on the westerly or south-bound surface car track. Plaintiff testifies that, without again looking, he proceeded to cross the south-bound track and had just reached the westerly rail of the north-bound track, a distance of substantially ten feet from the place where he had last looked, when he heard an outcry and glancing to the left saw the defendant's automobile truck just about to strike him; that before he could escape he was struck; that when he regained consciousness he had been carried a distance of twenty-one feet and a half along the north-bound track in a southerly direction, and that at that time the automobile truck was upon him, the front axletree resting upon his body.

Plaintiff is corroborated by an eye-witness, one James O'Mara, who was a merchant engaged in the retail grocery business with a store upon First avenue not far distant from the place of the accident. O'Mara testifies that at the time of the accident he was standing on the southwest corner of Fifty-second street and Second avenue, where he had a plain view of the plaintiff and the approaching automobile van driven by the defendant, and saw the accident. O'Mara testified that he saw plaintiff walk across the westerly roadway on Second avenue to the west rail of the south-bound track, and that plaintiff then looked up; that when plaintiff was on the westerly rail of the south-bound track, defendant's motor truck was above the crossing at Fifty-second street and was coming south on the south-bound car track at the rate of fifteen miles an hour; that when the motor truck was

midway between the north and the south crosswalks at said point where Fifty-second street crosses Second avenue O'Mara saw it swing onto the east or north-bound track at the same rate of speed it had been driving and, without warning, strike the plaintiff as he was on the westerly rail of the north-bound or easterly car track; that the truck came to a stop about twenty-five feet southerly from the point where it struck plaintiff; that plaintiff was then beneath the front axle, and that he, O'Mara, helped pull plaintiff from beneath the car.

Two other witnesses were sworn in behalf of the plaintiff, one being Samuel Miller, a furniture dealer with a store on Second avenue on the southeast corner of Fifty-second street, nearly opposite the spot where the defendant's truck came to a stop after hitting plaintiff. He testified that he was in his store at the time of the accident, when he heard a woman cry out that a man had been hit by an automobile; that, accompanied by a helper, one Alenik, Miller ran out and saw the defendant's motor truck at a standstill with its front wheels a little east of the north-bound or easterly track and near the elevated pillar which was over twenty feet south of the southerly crosswalk.

Alenik, who was a driver for Miller and his helper, testified that he ran out of Miller's store and saw defendant's van across the surface car tracks in substantially the same position as stated by the plaintiff and by the witnesses O'Mara and Miller; that at that time plaintiff was lying on the uptown track under the front axle of the van; that he helped pull plaintiff from under the van and carry him into a nearby drug store.

The plaintiff received very serious injuries, and was at once carried on a stretcher and by ambulance to the City Hospital, where he remained for a week, suffering intense pain. Thereafter he was upon crutches for four months, and for over eight months was under the care of a physician.

Plaintiff and his witnesses apparently made out a clear case of negligence on the part of the defendant in driving his automobile at the time of the accident. O'Mara and plaintiff both gave testimony tending to show that no warning was given of the approach of the car, and their evidence, as well as that of Miller and Alenik, would seem to indicate that

at the time plaintiff was struck the defendant was driving his car in a southerly direction on the wrong side of the street.

Defendant, to meet plaintiff's testimony, offered himself as a witness, and testified that he was the owner of the automobile which he was driving, and which was an Alco truck or van of thirty-six horse power, weighing 7,800 pounds; that as he approached Fifty-second street he was proceeding upon and along the downtown or westerly car tracks at a speed of six miles an hour; that as he approached Fifty-second street he noticed a man going along; that when he was two feet away from the man he first blew his horn, and when he got a little nearer he put on the brakes and hollered at the man, but that the man kept right on. Later on in his testimony defendant claimed that he was about five or six feet away and still later that he was about ten feet away from plaintiff when he sounded his horn. Defendant's testimony was to the effect that plaintiff stepped upon the westerly rail of the south-bound car tracks when defendant's automobile was almost upon him and that he, defendant, then turned to the left in an effort to avoid him, but that plaintiff kept on walking, when, as defendant expressed it, he " bunked into him;" that plaintiff fell down in front of the automobile, which came to a standstill with the left front wheel on the uptown track and " the right wheel * * * on the outside west-bound track," and that both of the front wheels of his automobile truck were " right on the crosswalk." Defendant further swore that O'Neill dropped where he was hit and the van went about two feet further, but did not run onto plaintiff at all.

It will thus be seen that there was a great discrepancy between this testimony of the defendant, in which he is uncorroborated, and that given by the plaintiff, O'Mara, Miller and Alenik, all of whom agree that when the truck came to a stop it was twenty feet or more south of the south crosswalk, and that plaintiff was lying beneath the car.

At the close of the evidence the case was submitted to the jury, and the jury returned a verdict in favor of the defendant.

Plaintiff contends that such verdict was clearly against the weight of the evidence, and that the same should, for

that reason, be set aside and a new trial granted. From a careful examination of the evidence I think the verdict of the jury was clearly against the weight of the evidence. As against the testimony of the defendant, who was an interested witness, we have the testimony of a bystander, a merchant and apparently an entirely disinterested witness, who saw the accident and who supports the plaintiff in his version thereof. We have also the testimony of the merchant Miller and his helper, Alenik, both of whom were disinterested, and who support plaintiff's version of the accident, and in their testimony radically differ with that of the defendant. Upon the ground that the verdict is against the weight of the evidence I think the plaintiff is entitled to a reversal and that a new trial should be granted.

But aside from the consideration of the weight of evidence I think reversible error was committed by the learned trial court in submitting the case to the jury which calls for reversal of the judgment entered in defendant's favor.

After the close of the court's main charge, counsel for the defendant submitted several requests to charge. Among others, by his fourth request, counsel for the defendant asked the court to charge the jury that: " If the jury find from the evidence that the plaintiff saw the automobile approaching about sixty feet away, just as he was about to cross the south-bound car track leisurely, and never looked towards the automobile again to see how the automobile was approaching, although there was nothing to obstruct his view, and the next thing he knew he was hit with the automobile, then the plaintiff was guilty of contributory negligence and cannot recover."

The court granted such request, and the jury was so instructed.

I do not think such charge was proper under the circumstances. Even had the plaintiff been struck upon the southbound or westerly surface car track in the course of the automobile as he saw defendant approaching about sixty feet away, I do not think his failure to look a second time to ascertain the position of the approaching automobile could be said to be negligence on his part, as matter of law. As the plaintiff approached and had reached the westerly rail of the southbound track, his testimony is that he looked northerly and

saw the automobile approaching on the westerly or south-bound car track sixty feet away. If the automobile had continued on its course plaintiff would have had to proceed but five or six feet to be beyond danger of being struck. I do not think it can be said that his failure to look a second time under such circumstances was contributory negligence as matter of law. At most, it would be for the jury to say, under all the circumstances, considering the distance that the car was away when the plaintiff saw it and the distance which he had to walk in order to pass beyond its course, whether or not in failing to look again at the approaching car and to accelerate his speed, that he failed to exercise that care and prudence which, under the circumstances, he was called upon to observe. But, under the plaintiff's testimony here and that of his witnesses, he was not struck in the course of the approaching automobile as he saw it sixty feet away as he was stepping upon the south-bound track, but he had proceeded a distance of at least ten feet easterly and had reached the north-bound track when the automobile, having swerved out of its course, bore down upon him and struck him. He certainly was not called upon to anticipate that the automobile would change its course, and he could not be said, as matter of law, to have been guilty of contributory negligence under the circumstances because he looked but the once in attempting to cross in front of the approaching car. Moreover, the law does not put upon a pedestrian the burden of looking any particular number of times, nor does it say when he must look. He is not bound, as matter of law, to look at a particular time, and, as matter of law, he is not called upon to stop to allow the passing of an approaching vehicle. Unless the vehicle is close upon him he may proceed upon his way, and whether or not in proceeding he is observing that degree of care which a reasonably careful and prudent man should observe for his protection was a question of fact for the determination of the jury. It was for the jury to say whether, under all the circumstances, the plaintiff here was guilty of such carelessness as contributed to the accident which befell him. (*Knapp* v. *Barrett,* 216 N. Y. 226; *Lentsch* v. *International R. Co.,* 172 App. Div. 775.) I think the jury may well have found the plaintiff entirely justified in

proceeding to cross the south-bound surface car track upon which the defendant's automobile was approaching when he saw it sixty feet away. Surely he cannot be held to have been guilty of contributory negligence as matter of law, preventing any recovery for his injuries, because he did proceed and was struck on the easterly or north-bound track upon which defendant, leaving the course that he was pursuing when plaintiff saw him, had turned his car. This erroneous instruction to the jury may well have been instrumental in causing them to render the verdict which they did so clearly contrary to the weight of the evidence.

The judgment and order appealed from should be reversed and a new trial granted, with costs to appellant to abide event.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.