MARY C. MIDDENDORF, as Administratrix, etc., of FRANK X. MIDDENDORF, Deceased, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, November 9, 1926.

Street railways — action for death of plaintiff's intestate who was killed by one of defendant's trolley cars as he was crossing street — decedent was crossing toward regular stopping place of car and had nearly crossed when he was struck — decedent was on opposite track when trolley was sixty feet distant — accident occurred at night — in absence of proof that decedent did not look it cannot be assumed that he did not use proper caution — instructions — not error to refuse to charge that if decedent stopped on track when he was five feet distant at point between blocks he was guilty of contributory negligence as matter of law — said instruction if properly limited would have been proper — defendant did not sustain burden of showing that decedent was guilty of contributory negligence.

In an action to recover damages for the death of plaintiff's intestate, who was killed by a trolley car belonging to defendant while he was crossing one of defendant's tracks in the night time, in which it appears that the decedent was on the opposite car track and crossing toward a regular trolley car stop when the trolley car was sixty feet distant; that he was struck as he was about to leave the track on which the trolley car was running and that the accident occurred in the night time, there was no proof that decedent did not look, and it cannot be assumed, there having been no proof that a gong was sounded or that the headlight on the car was lighted, that he did not use reasonable caution at a proper time prior to stepping upon the track.

Accordingly, it was not error for the court to refuse to charge the jury that "if the deceased stepped upon the track when the street car was not to exceed 5 feet away, at a point between blocks, he was guilty of contributory negligence as a matter of law," for if he did use proper care, the refusal of the court to charge was not error.

If the request had included the words " to his knowledge " or the words " in the exercise of reasonable care he should have known that " after the word " when," the refusal would probably have been error.

Under the evidence, the finding that the defendant did not sustain its burden of proving contributory negligence on the part of the decedent was not contrary to the weight of the evidence.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in

the office of the clerk of the county of Erie on the 25th day of June, 1926, upon the verdict of a jury for $5,011.30, and also from an order entered in said clerk's office on the 26th day of June, 1926, denying defendant's motion for a new trial made upon the minutes.

*Raymond C. Vaughan* [*Noel S. Symons* and *John J. K. Caskie* of counsel], for the appellant.

*Ward, Flynn, Spring & Tillou* [*Dana L. Spring* of counsel], for the respondent.

PER CURIAM. Respondent has a verdict, including interest and costs, of $5,228.86 in an action for damages for wrongful killing of respondent's intestate. The sufficiency of the testimony to uphold the verdict on the question of appellant's negligence does not require discussion. The point most stressed by appellant is the declination of the learned trial court to charge as follows: " Mr. Vaughan: I ask your Honor to charge the jury that if the deceased stepped upon the track when the street car was not to exceed 5 feet away, at a point between blocks, he was guilty of contributory negligence as a matter of law. The Court: I decline to so charge. Mr. Vaughan: Exception."

Pertaining to this subject the following conclusions are deducible from the testimony: (1) That when the appellant's street car was sixty or seventy feet away from decedent and going at the rate of twenty to twenty-five miles an hour, the decedent was on the south-bound car track walking at a " regular walk " and coming easterly at a right angle toward the north-bound track upon which the street car was running; (2) that the decedent was struck by the right-hand or easterly side of the front of the car and thrown toward the east, he having almost reached a place of safety; (3) that the decedent was crossing the street directly opposite and toward a regular stopping place for north-bound cars, which was some forty feet southerly from the southeast (or " near side ") corner of the next street; (4) that it was dark. There was no proof that decedent did not look, for his own protection, at some suitable time, before crossing the track — no proof that a gong was sounded or that the headlight on the car was lighted.

This being a death case, we cannot assume, under all the circumstances, that decedent did not use reasonable caution at a proper time prior to stepping upon the track; and there is no proof that he did not. If he did use such care at such time the declination to charge in the language used was not error. (*Knapp* v. *Barrett*, 216 N. Y. 226; *O'Neill* v. *Ewert*, 189 App. Div. 221.)

In the quoted request to charge, if the words " to his knowledge " or the words " in the exercise of reasonable care he should have

known that " had been inserted after the word " when," a refusal would undoubtedly have been error. The inclusion in the request of the words " at a point between blocks " was not warranted by the testimony. For this reason, also, the refusal to charge as requested was justified.

Under the state of proof above specified, the finding that appellant did not sustain its burden of proving negligence in decedent contributing to the mishap was not contrary to the weight of the evidence. (*Mullen* v. *Schenectady R. Co.*, 214 N. Y. 300; *Brott* v. *Auburn & Syracuse El. R. R. Co.*, 220 id. 92.)

The judgment and the order denying appellant's motion for a new trial on the court's minutes should be affirmed, with costs.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and TAYLOR, JJ.

Judgment and order affirmed, with costs.