[No. 17018. Department Two. May 5, 1922.]

LEONA V. STODDARD, *by her Guardian ad Litem Oliver C. Stoddard, Respondent,* v. RUSSELL SMATHERS, *Appellant.*[1]

MUNICIPAL CORPORATIONS (380)—USE OF STREETS—AUTOMOBILES—NEGLIGENCE—VIOLATION OF ORDINANCE. In an action by a pedestrian, struck by an automobile at a street intersection, it is not negligence *per se* to violate an ordinance requiring vehicles to keep near the right-hand curb "so as to leave the center of the street free and open for overtaking traffic"; since pedestrians were not of the class for whose benefit the ordinance was passed.

TRIAL (96)—INSTRUCTIONS—SUBMISSION OF QUESTION NOT WITHIN ISSUES. Error in submitting a question to the jury upon which there was no testimony, is prejudicial, where the verdict is not the only one that could be permitted to stand and is not so plainly in accordance with the evidence as to follow as a matter of law.

DAMAGES (47)—MEASURE OF DAMAGES—PERSONAL INJURIES—FUTURE PAIN AND SUFFERING. An instruction upon future pain and suffering is not warranted by evidence that plaintiff's shoulder ached when she ironed and that her knee bothered her when she stood on her feet too long.

SAME (48)—MEASURE OF DAMAGES—LOSS OF EARNING CAPACITY. In an action for personal injuries, recovery for loss of wages should be limited to the time plaintiff was in the hospital, in the absence of evidence of incapacity at any other time.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered July 23, 1921,

[1]Reported in 206 Pac. 933.

upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a minor struck by an automobile. Reversed.

*Williams & Davis* and *Glenn C. Beechler,* for appellant.

*J. W. Dootson* and *R. J. Faussett,* for respondent.

MAIN, J.—This action was brought by the guardian *ad litem* of one Leona V. Stoddard, a minor, seeking recovery for personal injuries. The answer to the complaint contained admissions and denials and an affirmative defense of contributory negligence, which was denied by reply. Upon the issues thus framed, the cause went to trial before the court and a jury, resulting in a verdict in favor of the plaintiff in the sum of $2,000. A motion for new trial being made and overruled, judgment was entered upon the verdict, and the defendant appeals. When the term respondent is herein used it will be understood to refer to the minor for whose benefit the action was brought.

The accident happened on the seventh day of September, 1920, at the intersection of Rucker avenue and Fifteenth street, in the city of Everett. Rucker avenue runs north and south and there is a street car track near the center thereof. Fifteenth street intersects Rucker avenue at right angles. At the time of the accident, the respondent had alighted from the street car at this intersection and, according to her testimony, was proceeding directly west across the intersection. According to the testimony of the appellant, she was proceeding in a diagonal course across the intersection. The appellant was approaching from the north in an automobile. After the respondent came from behind the car, which had moved on and from which she had alighted, and when she was a few feet west of the west

rail of the street car track, she was struck by the right front of the appellant's automobile and sustained the injury for which the action was brought. One of the grounds of negligence is the claimed excessive speed of the automobile. Upon the question of speed, as well as upon the question of contributory negligence, the case was one for the jury. In submitting the cause to the jury the trial court not only submitted excessive speed as one of the grounds of negligence, but also the question as to whether the appellant was violating an ordinance of the city of Everett at the time the accident happened. Section 17 of the traffic ordinance of the city provides:

"A vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as practicable, so as to leave the center of the street free and open for overtaking traffic."

The court gave an instruction based upon this ordinance, which in effect told the jury that the violation of the ordinance was negligence *per se,* and that, if the respondent was struck by reason of the fact that the ordinance was being violated, this was negligence which would sustain a recovery, providing the respondent was not guilty of contributory negligence. It is not negligence *per se* to violate a traffic ordinance where a person injured is not one of the class for whose benefit the regulation was made. *Bogdan v. Pappas,* 95 Wash. 579, 164 Pac. 208; *Rampon v. Washington Water Power Co.,* 94 Wash. 438, 162 Pac. 514, L. R. A. 1917C 998.

The question then is, whether the respondent, being injured on an intersection, was one of the class for whose benefit the ordinance was made. It will be observed that the section of the ordinance quoted, after requiring that a vehicle shall keep as near the right-

hand curb as practicable, defines or specifies the reason for such requirement, "so as to leave the center of the street free and open for overtaking traffic." The respondent was not within the class for whose benefit the ordinance was passed; and even though the appellant was not keeping as near the right-hand curb as practicable, he was not guilty of negligence *per se*. The evidence as to how near the curb the appellant was as he approached the intersection is very indefinite, and he says that, after reaching the intersection and seeing the respondent come from behind the street car from which she alighted, he turned his car to the left to avoid striking her. The respondent relies upon some language in the case of *Rampon v. Washington Water Power Co.*, *supra*, to the effect that the object of traffic ordinances is to protect pedestrians and vehicles and to avoid collisions. The language referred to was not necessary to the decision of the case, as the court there was required to determine whether an automobile driver who struck an obstruction in the street while not driving as near the right-hand curb as possible, as required by the ordinance of the city of Spokane, was guilty of contributory negligence. The ordinance in that case, however, provided that a vehicle, "except when passing a vehicle ahead, shall habitually keep as near the right-hand curb as possible." That ordinance differs from the one before us in this case in that it does not define the class of persons for whose benefit it was made. As already stated, the ordinance of the city of Everett defines the class of persons for whose benefit it was passed, and the respondent does not come within this class.

Without conceding the instruction to be error, the respondent argues that, in any event, the judgment should not be reversed for this reason because the verdict and judgment was manifestly right. In support

of this contention, she relies upon a line of cases from this court which hold that a judgment will not be reversed for error in instructions where the verdict is so plainly in accordance with the evidence that it follows as a conclusion of law therefrom, or where the verdict, under the evidence, is the only one which could be permitted to stand. This case does not fall within that rule. The instruction was erroneous and also prejudicial. It is error to submit to the jury the question where there is no testimony upon which to base the instruction. *Belkin v. Skinner & Eddy Corporation,* 119 Wash. 80, 204 Pac. 1046.

The next question is whether the court erred in submitting to the jury the question of future pain and suffering on the part of the respondent. It is argued by the appellant that there was no evidence from which the jury would be justified in finding that she was reasonably certain to sustain any future pain and suffering. The question of permanent injury was withdrawn from the consideration of the jury. The only testimony upon the matter of pain and suffering was given by respondent to the effect that her shoulder still ached when she ironed and that her knee bothered her when she stood on her feet too much. There was no evidence supplementary to this that such trouble would continue in the future. The evidence as to the extent, duration and frequency of the pain is not sufficiently definite and certain to enable the jury to determine that there was a reasonable certainty that the respondent would sustain pain or suffering in the future. Whether this error would be sufficient to justify a reversal if it stood alone, it is not necessary here to determine, as the cause must be reversed upon the first question discussed.

Finally, it is contended that the court erred in submitting to the jury the matter of the loss of wages dur-

ing the time that the respondent was unable to work. The evidence upon this question is that, at the time of the accident, she was doing housework and was receiving therefor the sum of $30 per month and room and board; that she was in a hospital for approximately seven weeks. Under this evidence, the only recovery for loss of earning capacity which could be sustained would be for the period of seven weeks during the time that the respondent was in the hospital, as there is no evidence showing incapacity for any greater period of time. The instruction should have so limited recovery on this item.

The judgment will be reversed, and the cause re-- manded with directions to the superior court to grant a new trial.

PARKER, C. J., HOLCOMB, HOVEY, and MACKINTOSH, JJ., concur.