[No. 18000. Department One. September 13, 1923.]

HORACE G. WINSOR, *Appellant*, v. W. C. FONDA *et al.*,
*Respondents.*[1]

MUNICIPAL CORPORATIONS (380, 392)—USE OF STREETS—AUTOMO-
BILES—NEGLIGENCE—VIOLATION OF ORDINANCE—INSTRUCTIONS. In an
action for injuries to a pedestrian about to board a street car and
struck by a passing automobile, it is prejudicial error to give an in-
struction as to a presumption of negligence from failing to keep as
near the right-hand curb as practicable, in violation of a traffic
ordinance so requiring in order "to leave the center of the street
free and open for over-taking traffic;" since the plaintiff was not
one of the class for whose benefit the rule was made.

Appeal from an order of the superior court for
King county, Brinker, J., entered January 11, 1923,
granting a new trial, after the verdict of a jury ren-
dered in favor of the plaintiff, in an action for per-
sonal injuries. Affirmed.

*Geo. B. Cole* and *John Wesley Dolby,* for appellant.
*Poe, Falknor & Falknor,* for respondents.

MAIN, C. J.—The plaintiff brought this action, seek-
ing recovery of damages for personal injuries which
he sustained when struck by an automobile driven by
the defendant W. C. Fonda. The cause was tried to
the court and a jury, and resulted in a verdict in favor
of the plaintiff in the sum of $650. A motion for a
new trial was made and sustained on the ground that
there had been error in the instructions submitting the
cause to the jury. From the order granting the new
trial, the plaintiff appeals.

Since the question here to be determined is whether
the instructions contained reversible error, it will only
be necessary to make a brief summary of the facts.

[1]Reported in 218 Pac. 219.

The accident happened at about two o'clock in the afternoon on the 16th day of April, 1922, at the intersection of 34th avenue and Olive street, in the city of Seattle. The appellant was a passenger on a street car going north on 34th avenue. The car stopped as it approached Olive street, for the purpose of permitting the appellant to alight therefrom, and after he stepped down and off, the street-car gates were closed and the car moved on. As the appellant alighted from the front end of the car, he looked south and saw the automobile approaching, traveling along 34th avenue in the same direction that the street car was proceeding. The automobile was approaching at such a speed that the appellant believed that it was unsafe for him to attempt to cross the street, from where he had alighted from the street car to the sidewalk, in front of it. He stepped back as close to the street car as he could in order to permit the automobile to pass. The automobile approached and, without stopping, struck him while he was in this position, and he was carried a distance of approximately sixty-five feet by it. The foregoing facts are briefly those disclosed by the appellant's evidence. It may be added that the evidence of the respondents gave a different view of the situation and the reason for the happening of the accident.

In instruction No. 9, a number of sections of the traffic ordinance of the city of Seattle were quoted, one of which is as follows:

"A vehicle, except when passing a vehicle ahead, shall keep as near the right hand curb as practicable, so as to leave the center of the street free and open for overtaking traffic."

In instruction No. 10 the jury were told that, if the driver of the automobile was violating any of the ordi-

nances "which have been called to your attention, then the presumption of negligence arises." The only question here is whether it was error for the court to instruct the jury that it was presumptive negligence on the part of the respondents not to have had the automobile as near the right-hand curb as practicable. The section of the ordinance which was embodied in the instruction, and which is above quoted, defines the class for whose benefit it was made. The requirement that a vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as practicable, was made in order that the center of the street might be free and open "for overtaking traffic." The appellant was not within the class specified in the ordinance. In *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933, it was held that, under a like provision in the traffic ordinance of the city of Everett, it was error to instruct the jury that the violation of the ordinance was negligence as against one for whose benefit the ordinance was not made.

It is argued, however, that, since the respondents pleaded contributory negligence, it was not error to give the instruction complained of in this case. It may be that, had the instruction submitted to the jury the question as one of fact as to whether the respondents were negligent in not keeping the automobile nearer the right-hand curb than they did, it would have been a proper instruction; but the trouble with the instruction given is that it makes the violation of the ordinance as against the appellant, who was not of the class for whose benefit the ordinance was passed, presumptive negligence. It, of course, is the settled law of this state, as held in many cases, that "a thing done in violation of positive law is in itself negligence." There was some discussion, more fully on oral argu-

ment than in the briefs, to the effect that the rule of the case of *Stoddard v. Smathers, supra*, does not apply because the court there used the term "negligence *per se*," and that there is a difference between that and presumptive negligence. It does not seems to us necessary to pursue the refined distinction between those two kinds of negligence, if there be such distinction. It would have been, under the facts in the *Stoddard* case, equally as accurate to have used the expression "presumptive negligence" as that of "negligence *per se*." The error is in telling the jury that it is negligence to violate a positive law when the person invoking such law is not one of the class for whose benefit it was made.

It is further argued that, even though the instruction be erroneous, it was not prejudicial. In this view we cannot acquiesce. The jury may have found in favor of the appellant because they were told that it was presumptive negligence not to keep the automobile as near the right hand-curb as practicable. The appellant cites the cases of *Goninon v. Lee,* 119 Wash. 471, 206 Pac. 2, and *Grissom v. Seattle,* 123 Wash. 131, 212 Pac. 264, as sustaining his contention that the instruction, even though erroneous, was not prejudicial. The situation in each of those cases was substantially different from that here presented and they do not justify a holding that the instruction was not prejudicial. There is no substantial difference between this case and that of *Stoddard v. Smathers, supra,* and under the authority of that case the trial court rightly granted the motion for new trial.

The judgment will be affirmed.

BRIDGES, MACKINTOSH, HOLCOMB, and MITCHELL, JJ., concur.