(May 26, 1926.)

MINA B. QUILLIN and P. J. QUILLIN, Appellants, v. ETHEL COLQUHOUN and F. S. COLQUHOUN, Respondents.

[247 Pac. 740.]

AUTOMOBILES—PERSONAL INJURY—INSTRUCTIONS—PLEADING—EVIDENCE —APPEAL AND ERROR—WITNESSES.

1. Requested instruction, in action for injuries, that if plaintiff had reached her automobile parked on street before being struck by defendant's automobile it would make no difference whether she had used due care in crossing street, and was not guilty of any contributory negligence in crossing the street, *held* properly refused, especially in view of other instructions submitting questions whether she had reached car and in what manner.

2. Requested instruction, in action for injuries caused by automobile in crossing street to parked car, embodying doctrine of *res ipsa loquitur*, *held* not applicable.

3. Instruction on last clear chance should have been framed without reiteration that one struck by automobile, if guilty of negligence contributing to accident, could not recover unless defendant had clear chance to avoid accident.

4. Instruction that jury, in action for injuries, could take into consideration force of blow with which defendant's car struck plaintiff's car, was properly refused as being comment on weight to be given evidence.

5. Instruction that plaintiff, struck while crossing street by automobile approaching from her right, should have looked "before entering street" and given right of way to defendant, was erroneous, as question was one of fact for jury.

6. Propriety of court's action in permitting amendment to answer need not be considered, where new trial is granted, amendment then being part of answer.

7. Laws 1921, chap. 249, relative to operation of motor vehicles, by prohibiting passage of ordinances inconsistent with provisions of act, thereby expressly granted right to make ordinances not inconsistent therewith.

8. Ordinance giving pedestrians right of way at street intersections and crossings, and vehicles right of way between intersections and crossings, does not conflict with Laws 1921, chap. 249.

9. Instruction based on ordinance giving pedestrians right of way at intersections and crossings, and vehicles right of way between intersections and crossings, *held* not such as would persuade jury that it was not driver's duty to take precautions between intersections, in view of other instructions requiring driver to use care in passing and looking out for pedestrians.

10. Automobile driver does not as matter of law have duty, after seeing pedestrian, to stop or slacken speed of car, rather than to turn out to avoid accident, and instruction to that effect was properly refused; driver having duty to avoid accident in best manner possible.

11. Question whether automobile driver should or could have seen pedestrian before she did was question for jury, and instruction that failure to see her until she was in front of car was negligence was properly refused.

12. Instruction, in action for injuries when struck by automobile, that if collision was an accident and not attributable to negligence of anyone verdict should be for defendants, should not have included words "an accident."

13. Statement by bystander, after automobile accident, that driver was learning to drive her car, would be admissible in action for injuries if proper foundation was laid.

14. Statement by bystander, after automobile accident, that driver was learning to drive, not shown to have been made in presence of driver, was inadmissible.

15. In action for injuries when struck by automobile, question asked own medical expert by defendant, as to whether injured persons did not generally improve after lawsuit was over, was objectionable under C. S., sec. 8032, as cross-examina-

tion of own witness, but not prejudicial in view of answer that worry over outcome of case generally influenced condition for worse, and conditions improved after case was settled.

16. Exclusion on cross-examination of defendant in action for injuries when struck by automobile, of question whether she took names of witnesses who were present and reported accident, was proper as not being material.

17. Laws 1921, chap. 249, sec. 1, subd. 16, requiring automobile drivers not to exceed twelve miles per hour at schoolhouses, *held* to have no application to case of adults injured at such place.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon W. F. McNaughton, Judge.

Action for damages for personal injuries. Judgment for defendants. *Reversed and remanded.*

J. F. Ailshie and J. F. Ailshie, Jr., for Appellants.

Even though a pedestrian be guilty of negligence in attempting to cross a street between intersections, the driver of an automobile will still be liable for running on to and injuring such pedestrian if he could have by exercise of reasonable diligence discovered such pedestrian in time to avoid a collision. (*Pilmer v. Boise Traction Co.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254; *Denison v. McNorton*, 228 Fed. 401; *Schingle v. Baughman* (Mo. App.), 228 S. W. 897; *Pool v. Brown*, 89 N. J. L. 314, 98 Atl. 262; *Adair v. McNeil*, 95 Wash.

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 2541, p. 649, n. 35; sec. 2949, p. 964, n. 86.

Evidence, 22 C. J., sec. 188, p. 219, n. 9; sec. 358, p. 324, n. 73.

Motor Vehicles, 28 Cyc., p. 28, n. 33; p. 34, n. 84; p. 36, n. 13; p. 49, n. 49.

Negligence, 29 Cyc., p. 592, n. 2; p. 645, n. 50, 56; p. 652, n. 9.

Statutes, 38 Cyc., p. 1122, n. 48.

Trial, 38 Cyc., p. 1649, n. 32; p. 1681, n. 12; p. 1779, n. 76.

Witnesses, 40 Cyc., p. 2493, n. 37.

160, 163 Pac. 393; *Weidner v. Otter,* 171 Ky. 167, 188
S. W. 335; Huddy on Automobiles, 6th ed., sec. 438; *Ivy
v. Marx,* 205 Ala. 60, 14 A. L. R. 1173, 87 So. 813; *Stone
v. Gill,* 52 Cal. App. 234, 198 Pac. 640; *Walker v. Rod-
riguez,* 139 La. 251, 71 So. 499; *Short v. Boise Valley Trac-
tion Co.,* 38 Ida. 593, 225 Pac. 398.)

Even though the action of plaintiff may have been the
primary cause of the injury, she may recover if, notwith-
standing that fact, defendant by the exercise of reasonable
care could have avoided the accident. (*Pilmer v. Boise
Traction Co., supra; Short v. Boise Valley Traction Co.,
supra; Nichols v. Chicago B. & Q. Ry. Co.,* 44 Colo. 501,
98 Pac. 808; *King v. Brenham Auto Co.* (Tex.), 145 S. W.
278.)

The result of the impact from a moving car with an-
other vehicle or object is better evidence of speed of the
car than is the opinion of an observer, and is a proper
matter to be considered by the jury in determining the
question of speed and negligence. (Huddy on Automo-
biles, 6th ed., sec. 928; *Maritzky v. Shreveport Ry. Co.,*
144 La. 692, 81 So. 253; *Peterson v. New Orleans Ry. & S.
Co.,* 142 La. 835, 77 So. 647; *Brennan v. Metropolitan St.
Ry. Co.,* 60 App. Div. 264, 69 N. Y. Supp. 1025; *Indi-
anapolis St. Ry. Co. v. Bordenchecker,* 33 Ind. App. 138,
70 N. E. 995; *Graham v. Consolidated Tea Co.,* 64 N. J. L.
10, 44 Atl. 964; *Zolpher v. Camden & S. R. Co.,* 69 N. J. L.
417, 55 Atl. 249; *Hoppe v. Chicago, M. & St. P. Ry. Co.,*
61 Wis. 357, 21 N. W. 227; *Volger v. Central Crosstown
R. Co.,* 83 App. Div. 101, 82 N. Y. Supp. 485.)

A pedestrian has just the same rights upon the high-
way as the automobile, and the driver of an automobile
must pay attention to pedestrians who are on the highway
and when necessary slacken his speed to protect the pedes-
trian and prevent the infliction of an injury. (*Diamond v.
Cowles,* 174 Fed. 571, 98 C. C. A. 417; *Ivy v. Marx,* 14
A. L. R. 1176 *et seq.; Forgy v. Rutledge,* 167 Ky. 182,
180 S. W. 90; *Vannett v. Cole,* 41 N. D. 260, 170 N. W.
663; C. S., sec. 1613.)

Where the instrumentality and agency causing an injury is wholly under the control of defendant and the object struck was standing still the doctrine of *res ipsa loquitur* applies and the burden is on defendant to justify or excuse himself. (*Judson v. Giant Powder Co.,* 107 Cal. 549, 48 Am. St. 146, 40 Pac. 1020, 29 L. R. A. 718; *Bauhofer v. Crawford,* 16 Cal. App. 676, 117 Pac. 931; *O'Neill v. Chappell,* 38 Cal. App. 375, 176 Pac. 370; *Odom v. Schmidt,* 52 La. Ann. 2129, 28 So. 350.)

The speed limit in this state in passing schoolhouses is twelve miles per hour and the jury should have been so instructed. (1921 Sess. Laws, chap. 249, subd. 1.)

No municipality has any authority to maintain any ordinance or regulation modifying or changing the law as prescribed by the statute with reference to the respective rights of pedestrians and automobiles on the streets thereof. (1921 Sess. Laws, chap. 249, subd. 25.)

Evidence of a statement made in the presence of the defendant immediately following an accident as to the negligence or attitude of the defendant at the time which was undenied and uncontradicted by the defendant is admissible in evidence and its weight is a matter for the jury to determine. (*Baldarachi v. Leach,* 44 Cal. App. 603, 186 Pac. 1060; *In re Estate of Snowball,* 157 Cal. 301, 107 Pac. 598; *State v. Ellison,* 266 Mo. 604, Ann. Cas. 1918C, 1, 182 S. W. 996; *Kinzell v. Chicago M. & St. P. Ry. Co.,* 33 Ida. 1, 190 Pac. 255.)

J. L. McClear and McCarthy, Edge & Lantz, for Respondents.

Whether or not Mrs. Quillin was guilty of contributory negligence was a question for the jury, if not guilty of contributory negligence as a matter of law under the circumstances. (*Rippetoe v. Feely,* 20 Ida. 619, 119 Pac. 465; *Daugherty v. Metropolitan M. Car Co.,* 85 Wash. 105, 147 Pac. 655; *Harder v. Mathews,* 67 Wash. 487, 121 Pac. 983; *Moss v. H. R. Boynton Co.,* 44 Cal. App. 474, 186 Pac. 631; *Niosi v. Empire Steam Laundry Co.,* 117 Cal. 257,

49 Pac. 185; *Dimura v. Seattle Transfer Co.*, 50 Wash. 633, 97 Pac. 657, 22 L. R. A., N. S., 471; *Rumpel v. Oregon Short Line & N. U. Ry. Co.*, 4 Ida. 13, 35 Pac 700, 22 L. R. A. 725; *Bressan v. Herrick*, 35 Ida. 217, 205 Pac. 555; *Testo v. Oregon-Washington R. & Nav. Co.*, 34 Ida. 765, 203 Pac. 1065; *McKenna v. Grunbaum*, 33 Ida. 46, 190 Pac. 919; *Tucker v. Palmberg*, 28 Ida. 693, 155 Pac. 981; *Burgesser v. Bullocks*, 190 Cal. 673, 214 Pac. 649; *Lord v. Stacey*, 68 Cal. App. 517, 229 Pac. 874; *Davis v. John Breuner Co.*, 167 Cal. 683, 140 Pac. 586.)

The state law requiring a speed of twelve miles an hour when passing schoolhouses was enacted for the benefit of school children, not persons who may be using adjacent streets when the schools are not in session, and one who is not within a class for whose benefit a law is passed cannot take advantage of a nonobservance, if any. (*Yahachi Shimoda v. Bundy*, 24 Cal. App. 675, 142 Pac. 109; *Stoddard v. Smathers*, 120 Wash. 53, 206 Pac. 933; *Winsor v. Fonda*, 126 Wash. 402, 218 Pac. 219; *Walters v. Seattle*, 97 Wash. 657, 167 Pac. 124; *Eddy v. Spelger & Hurlbut*, 117 Wash. 632, 201 Pac. 898; *Pyeatt v. Anderson* (Tex. Civ. App.), 264 S. W. 302.

Where a person steps suddenly into the path of an automobile at such close proximity that a collision is practically unavoidable, the speed of the automobile is not a proximate cause of the collision, and the violation, if any, of a traffic law can give rise to no liability where it is not the proximate cause of a collision. (*Burlie v. Stephens*, 113 Wash. 182, 193 Pac. 684.)

An instruction which tends to emphasize the testimony of certain witnesses or of certain evidence is properly refused. (*Meservey v. Idaho Irr. Co.*, 37 Ida. 227, 217 Pac. 595.)

The doctrine of *res ipsa loquitur* has no application. (*Klein v. Beeten*, 169 Wis. 385, 5 A. L. R. 1237, 172 N. W. 736; *Kluska v. Yeomans*, 54 Wash. 465, 132 Am. St. 1121, 103 Pac. 819; *Anderson v. Northern Pac. Ry. Co.*, 88 Wash. 139, 152 Pac. 1001; *Christensen v. Oregon Short Line R.*

*Co.*, 35 Utah, 137, 18 Ann. Cas. 1159, 99 Pac. 676, 20 L. R. A., N. S., 255; *Lonergan v. American Ry. Express Co.*, 250 Mass. 30, 144 N. E. 756.)

Where the instructions given fairly cover the case it is not error to refuse to give requested instructions even though they might properly have been given. (*Tucker v. Palmberg*, 28 Ida. 693, 155 Pac. 981; *John V. Farwell Co. v. Craney*, 29 Ida. 82, 157 Pac. 382.)

Whether Mrs. Colquhoun saw Mrs. Quillin in time to avoid the collision and whether she used reasonable care to avoid the collision after seeing her, were questions of fact for the jury; the doctrine of last clear chance rests in fact and not in law, and is a relative question to be resolved solely by reference to the facts of each particular case and is, therefore, peculiarly a matter to be submitted to a jury. (*Short v. Boise Valley Traction Co.*, 38 Ida. 593, 225 Pac. 398; *Mayer v. Anderson*, 36 Cal. App. 740, 173 Pac. 174; *Gimeno v. Martin*, 64 Cal. App. 154, 220 Pac. 1076; *Leftridge v. Seattle*, 130 Wash. 541, 228 Pac. 302; *Moy Quon v. M. Furuya Co.*, 81 Wash. 526, 143 Pac. 99; *Daugherty v. Metropolitan Motor Car Co.*, 85 Wash. 105, 147 Pac. 655.)

Evidence of the existence of an ordinance and of its violation is admissible under general allegations of negligence. (*Cragg v. Los Angeles Trust Co.*, 154 Cal. 663, 16 Ann. Cas. 1061, 98 Pac. 1063; *Santina v. Tomlinson*, 36 Cal. App. 29, 171 Pac. 437; *Opitz v. Schenk*, 178 Cal. 636, 174 Pac. 40; *Scragg v. Sallee*, 24 Cal. App. 133, 140 Pac. 706.)

An ordinance which does not attempt to minimize the protection which the state law prescribes, but simply extends and enlarges it, is not in conflict with the state law and, hence, is valid. (*Pemberton v. Arny*, 42 Cal. App. 19, 183 Pac. 356; *Ham v. Los Angeles County*, 46 Cal. App. 148, 189 Pac. 462.)

The court correctly instructed the jury that there is no liability in the event of accident not attributable to the negligence of anyone. (*Niosi v. Empire Steam Laundry*, 117 Cal. 257, 49 Pac. 185.)

Evidence of complying or failure to comply with the law requiring persons involved in an automobile collision to give their names, the number of their cars, to take the names of witnesses, report the collision to the authorities, etc., is immaterial in an action for damages resulting from the collision. (*Henderson* v. *Northam,* 176 Cal. 493, 168 Pac. 1044; *Yahachi Shimoda v. Bundy,* 24 Cal. App., 675, 142 Pac. 109; *Roos v. Loeser,* 41 Cal. App. 782, 183 Pac. 204; *Arrelano v. Jorgensen,* 52 Cal. App. 622, 199 Pac. 855; *White v. Kline,* 119 Wash. 45, 204 Pac. 796; *Koch v. Seattle,* 113 Wash. 583, 194 Pac. 572.)

GIVENS, J.—Mrs. Quillin, appellant, had parked her car facing west on the north side of an east and west street a short distance west, of an intersecting street in Coeur d'Alene. A schoolhouse was across the street at which an election was being held. Mrs. Quillin came from the schoolhouse across the street towards her car. Mrs. Colquhoun, respondent, was driving her automobile west on the same street upon which Mrs. Quillin's car was parked. Though Mrs. Colquhoun saw Mrs. Quillin some little distance before she got to her, Mrs. Colquhoun claimed that in order to prevent running into Mrs. Quillin she ran into Mrs. Quillin's car, and thus at the same time struck Mrs. Quillin and knocked her down, causing the injuries for which this action was instituted.

Mrs. Colquhoun contends that Mrs. Quillin was guilty of contributory negligence and that she had ample time to have seen Mrs. Colquhoun coming.

The appeal is taken from the judgment on the verdict in favor of Mrs. Colquhoun, and alleged errors are based upon the refusal of the trial court to give certain instructions; the admission of certain testimony; permitting defendants to amend their answer and set up an affirmative defense after the plaintiffs had rested their case; and the insufficiency of the evidence to support the verdict. Because of the conclusion reached herein we will not discuss or pass upon the sufficiency of the evidence.

Requested instruction No. 2 was to the effect that since the accident occurred in front of the Central School House and subdivision 16, sec. 1, chap. 249, Idaho Sess. Laws 1921, page 541, provides that: ''Every person operating a motor vehicle on the public highways of the state shall drive the same in a careful and prudent manner . . . . and at intersections and school houses not to exceed twelve miles per hour,'' that if the jury found from the evidence that defendant was at the time of the accident driving her car at a rate of speed in excess of twelve miles per hour then that in itself would be negligence.

Requested instruction No. 17 embodied all of subdivision 16, sec. 1, chap. 249, 1921 Sess. Laws, as follows:

''I instruct you that the statute of this state (subdivision 16, section 1, chapter 249, 1921 Session Laws) provides as follows: 'Every person operating a motor vehicle on the public highways of this state shall drive the same in a careful and prudent manner, not to exceed thirty miles per hour, and within the limits of incorporated cities and towns not to exceed twenty miles per hour, and at intersections and school houses not to exceed twelve miles per hour, and in no case at a rate of speed that will endanger the property of another, or the life and limb of any person.' ''

There is confusion and a lack of uniformity in the authorities as to the effect of a violation of such a statute, but they are a unit, that the jury should be advised of the existence of such a statute and that the violation thereof, if found, and which causes or contributes to the injury constitutes negligence. (*Evers v. Davis,* 86 N. J. L. 196 90 Atl. 677; *Opitz v. Schenck,* 178 Cal. 636, 174 Pac. 40; *Scragg v. Salee,* 24 Cal. App. 133, 140 Pac. 706; *Bauhofer v. Crawford,* 16 Cal. App. 676, 117 Pac. 931; *Denver Omnibus Co. v. Mills,* 21 Colo. App. 582, 122 Pac. 798; *Travers v. Hartman,* 5 Boyce (Del.), 302, 92 Atl. 855; *O'Dowd v. Hewnham,* 13 Ga. App. 220, 80 S. E. 36; *Puckett v. Sherman & Reed,* 62 Mont. 395, 205 Pac. 250; *Moss v. Koettler* (Tex. Civ. App.), 249 S. W. 259; *Davis v.*

*Long,* 189 N. C. 129, 126 S. E. 321; *Faatz v. Sullivan,* 199 Iowa, 875, 200 N. W. 321; *Hopkins v. Droppers,* 186 Wis. 400, 36 A. L. R. 1156, 198 N. W. 738; *Evans v. Klusmeyer,* 301 Mo. 352, 256 S. W. 1036; *Steigleder v. Lonsdale* (Mo. App.), 253 S. W. 487; *Foster v. Curtis,* 213 Mass. 79, Ann. Cas. 1913E, 1116, 99 N. E. 961; *Towne v. Godeau,* 70 Cal. App. 148, 232 Pac. 1010, 42 L. R. A., N. S., 1188; *Cupples Merc. Co. v. Bow,* 32 Ida. 774, 24 A. L. R. 1296, 189 Pac. 48.) There are no circumstances alleged or proven tending to excuse the violation of the statute because of driving at an excessive rate of speed and therefore the doctrine suggested in *Johnson v. Heitman,* 88 Wash. 595, 153 Pac. 331, does not apply.

In this case there was conflicting evidence as to the rate of speed at which Mrs. Colquhoun was traveling, varying from eight to twenty miles per hour, thus the question of whether or not the speed limit was exceeded and contributed to or caused the accident was for the jury.

Respondents contend that one who is not within a class for whose benefit a law is passed cannot take advantage of a noncompliance with such law, and that this law was enacted for the protection of school children only. There is nothing in the statute showing what hours, or time, school is or is not in session or in vacation. The statute does not limit the time to those periods when school is in actual session as was done in the ordinance referred to in *City of Seattle v. Rothweiler,* 101 Wash. 680, 172 Pac. 825. From the fact that we have summer schools, C. S., sec. 966, that schools are in their nature public, C. S., sec. 1045, usually having playgrounds, C. S. sec. 810, subd. 5, sec. 47, 1921 Sess. Laws, p. 452, where children may gather at all times of the day and year, it is not at all unreasonable to conclude that this law was enacted with a view to being effective at all times.

*Yahachi-Shimoda v. Bundy,* 24 Cal. App. 675, 142 Pac. 109, and *Pyeatt v. Anderson* (Tex. Civ. App.), 264 S. W. 302, cited by respondents, have no application to the proposition herein, these cases being respectively, that the non-

registering, and the unlawful taking of a motorcycle did not contribute to the injury and such violations were therefore not negligence *per se,* likewise in *Walters v. Seattle,* 97 Wash. 657, 167 Pac. 124, the violation did not contribute to the injury. *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933, and *Windsor v. Fonda,* 126 Wash. 402, 218 Pac. 219, were based on an ordinance requiring vehicles to keep to the right as near the curb as possible to keep the center of the street open for overtaking traffic, the court saying that a violation of this ordinance, since the ordinance stated the reason for keeping to the right was for the benefit of overtaking traffic, did not apply to pedestrians. Our statute contains nothing indicating that the statute was for the benefit of school children only, and furthermore, the correct rule based on the great weight of authority appears to be that a pedestrian has the right to assume that persons driving on the streets will not, in so doing, violate any ordinance or law. (42 L. R. A., N. S., 1188; Ann. Cas. 1913E, 1116; *Bauman v. Black & White Town Taxis Co.,* 263 Fed. 554; *O'Conner v. Zavaritis,* 95 Conn. 111, 110 Atl. 878; *Cole Motor Car Co. v. Ludorff,* 61 Ind. App. 119, 111 N. E. 447; *O'Neill v. Ewert,* 189 App. Div. 221, 178 N. Y. Supp. 506.) The law of the road requiring one vehicle passing another going in the same direction to turn to the left is not merely for the protection of travelers in vehicles but pedestrians also are entitled to rely upon the presumption that it will be observed. (*Foster v. Curtis,* 213 Mass. 79, 99 N. E. 961, 42 L. R. A., N. S., 1118; *Woodhead v. Wilkinson,* 181 Cal. 599, 10 A. L. R. 291, 185 Pac. 851.) The violation of an ordinance primarily intended to safeguard passengers alighting from or boarding street-cars can be set up by pedestrians, everyone being entitled to rely on all legal safeguards regardless of the motives of the legal authorities. (*Kolankiewiz v. Burke,* 91 N. J. L. 567, 103 Atl. 249; *Harris v. Johnson,* 174 Cal. 55, Ann. Cas. 1918E, 560, 161 Pac. 1155, L. R. A. 1917C, 477; *Park v. Orbison,* 43 Cal. App. 74, 184 Pac. 428; *Off v. Crump,* 40 Cal. App. 173, 180 Pac.

360; *Cool v. Petersen,* 189 Mo. App. 717, 175 S. W. 244; see, also, *McMullen v. Davenport,* 44 Cal. App. 695, 186 Pac. 796; *Barton v. Studebaker Corp.,* 46 Cal. App. 707, 189 Pac. 1025; *Elgin Dairy Co. v. Shepherd,* 183 Ind. 466, 108 N. E. 234, 109 N. E. 353; *Ballard v. Collins,* 63 Wash. 493, 115 Pac. 1050; *Shield v. Holtorf,* 199 Iowa, 37, 201 N. W. 63; *Klare v. Peterson,* 161 Minn. 16, 200 N. W. 817; *Collom v. Bloch,* 70 Cal. App. 33, 232 Pac. 486.)

The question for whose benefit or protection the statute was enacted depends upon the purview of the legislature in the particular statute, and the language they have there employed. (*Rosse v. St. Paul & Duluth Ry. Co.,* 68 Minn. 216, 64 Am. St. 472, 71 N. W. 20, 37 L. R. A. 591.) In view of the general sweeping character of the statute, specifying no periods at which the law should apply or to whom, even though the primary intent of the statute was for the protection of the school children, it seems reasonable that the public character of the building itself may have been considered and the nature of gatherings there, other than of school children, and that a safety zone adjacent to school buildings was thus established. It is to be presumed that both Mrs. Quillin and Mrs. Colquhoun knew the law with regard to the speed limit by schoolhouses and in such a case Mrs. Quillin crossing the street immediately in front of the Central School House may have assumed that any person using that street would not, in so doing, violate the express provision of the statute which provided that the speed limit at such point was not to exceed twelve miles per hour, and in so assuming would not have exercised and would not have been under the duty of exercising the same degree of care necessary if the speed limit were twenty miles per hour. Since the speed at which Mrs. Colquhoun was traveling may have been considerably in excess of twelve miles per hour, which might very readily have contributed to or have been one of the causes of the accident, which questions were solely for the jury, a failure to instruct under this statute was so prejudicial to appellant as to authorize a reversal of the case.

[1]  The first part of appellants' requested instruction No. 4 was to the effect that if Mrs. Quillin had reached her car prior to her being struck then it would make no difference as to whether she had used due care and diligence in arriving at the car or not, and the latter part that when she was struck by defendants' automobile she was exercising a legal right in crossing the street and was not on account of such facts guilty of any contributory negligence. If in fact Mrs. Quillin had reached her car at the time of the collision that would not negative the fact that she may have carelessly run in front of Mrs. Colquhoun's car and been guilty of contributory negligence, which caused Mrs. Colquhoun to turn her car in order to avert a collision with Mrs. Quillin at the time she reached her own automobile. The question of whether she had reached her car, and if so, in what manner, was submitted to the jury under the instructions pertaining to negligence and contributory negligence. This requested instruction was therefore properly refused.  [2]  For like reasons and those given in the citations below, appellants' requested instruction No. 5, which embodied the doctrine of *res ipsa loquitur*, was not applicable.  (29 Cyc. 592; *DePons v. Ariss*, 182 Cal. 485, 188 Pac. 797; 6 Thompson on Negligence, sec. 7635; *Lyon v. Chicago, M. & St. P. Ry. Co.*, 50 Mont. 532, 148 Pac. 386.)

[3]  Appellants' requested instruction No. 6 on the doctrine of the last clear chance was covered by instruction No. 3 given by the court. Instruction No. 3 is complained of because it reiterated the statement that:

"If Mrs. Quillin is found to be guilty of negligence, which was a contributing cause of the accident, she cannot recover unless you find that notwithstanding that fact Mrs. Colquhoun had a clear chance to avoid the accident and failed to do so."

This instruction could and should have been framed without such reiteration, but otherwise, was not out of harmony with *Pilmer v. Boise Traction Co., Ltd.*, 14 Ida. 327, 125 Am. St. 161, 94 Pac. 432, 15 L. R. A., N. S., 254, wherein

this court quoted with approval *Grand Trunk Ry. Co. v. Ives,* 144 U. S. 408, 12 Sup. Ct. 679, 36 L. ed. 485.

[4] Appellants' requested instruction No. 7 was to the effect that the jury could take into consideration the force of the blow which Mrs. Colquhoun's car struck the Quillin car, for the reason that the effect of the blow is strong evidence indicating the force with which the blow was given. This instruction was properly refused for the reason that it commented upon the weight to be given such evidence. (*Meservey v. Idaho Irr. Co.,* 37 Ida. 227, 217 Pac. 595.)

Requested instruction No. 8 as to the rights of pedestrians and vehicles on the streets, was covered by instructions Nos. 6a and 7, setting forth the ordinance of the city of Coeur d'Alene (sec. 3, Ordinance No. 528) and stating that pedestrians have the right to use the highway and one driving an automobile should use such care in passing a pedestrian as a reasonably prudent person would use under all the circumstances.

[5] The part of instruction No. 6a stating that Mrs. Quillin should *"before entering on the street,"* have looked out and given the right of way to Mrs. Colquhoun was erroneous, because, conceding that under the ordinance Mrs. Colquhoun had the right of way between intersections whether Mrs. Quillin in according such right should have looked *before entering the street* was a question of fact for the jury, since she first came into the side of the street in which vehicles would properly approach her from the left and Mrs. Colquhoun came from the right. (*Lewis v. Tanner,* 49 Cal. App. 271, 193 Pac. 287; *Mosso v. E. H. Stanton Co.,* 75 Wash. 220, 134 Pac. 941, L. R. A. 1916A, 943; *Strauss v. Fred Schneider, Inc.,* 184 App. Div. 265, 171 N. Y. Supp. 424.) This instruction was therefore erroneous.

[6] After plaintiffs had introduced their evidence, and a motion for nonsuit had been overruled defendants asked leave and, over appellants' objection, were permitted to file an amended answer setting up a separate and affirmative defense to which appellants objected, demurred and moved

that such amendment be stricken from the answer, because the ordinance pleaded was in contravention of and in conflict with chapter 249, of the 1921 Sess. Laws. Such amendment was made because the trial court deemed it necessary that the ordinance be pleaded to authorize proof thereof. Since a new trial is granted it is unnecessary to discuss the propriety of the court's action, the amendment now being a part of the answer. The ordinance was as follows:

"The road beds of highways are primarily intended for vehicles but pedestrians have the right to cross them in safety, and all drivers of vehicles shall exercise all proper care not to injure pedestrians. Pedestrians when crossing a street shall not carelessly or maliciously interfere with the passage of vehicles. Pedestrians shall have the right-of-way at a street intersection and crossings; vehicles the right-of-way between intersections and crossings."

[7, 8] By prohibiting the passage of other ordinances inconsistent with the provisions of the act, the statute thereby expressly grants the right to make ordinances not inconsistent with the statute. There is no rule in the statute for the relative conduct of pedestrians and vehicles meeting or passing each other, or at intersections, except paragraph 16 which is quoted elsewhere herein and paragraph 7 applying to vehicles only. Since the act is silent upon this subject and municipalities are privileged to enact ordinances not inconsistent therewith, unless the conclusion be drawn that the legislature intended to leave the relative duties of pedestrians and automobilists to depend upon the circumstances of each particular occasion without specific rule or regulation applicable thereto, a reasonable and consistent regulation is authorized.

"We are pointed to nothing in the Motor Vehicles Law, and have found nothing, which purports to make any regulation touching the matter covered by the ordinance. In *St. Louis v. Klausmeier,* 213 Mo. 127, 112 S. W. 518, it is said:

" 'We suppose it will not be claimed, nor could it be logically contended, that there could be a conflict between the statute and the ordinance regarding those matters called for in the latter, and upon which the statute is silent. In order to be a conflict of any kind, two things must of necessity exist, and when it is contended that there is a conflict between two laws both must contain either express or implied provisions which are inconsistent and irreconcilable with each other. If either is silent where the other speaks, there can be no conflict between them.' " *Freeman v. Green* (Mo. App.), 186 S. W. 1166.

Considering a similar regulation the following court said:

"When travelers upon intersecting streets approach the point of intersection so nearly at the same time that one must give precedence to the other, it points out which one shall yield the right of way, and which one may proceed. It is merely a traffic regulation, and not a regulation restricting the use of motor vehicles within the meaning of the statute. The city possessed the power to make and enforce this regulation unless such power has been taken from it by statute. *State v. Larabee,* 104 Minn. 37, 115 N. W. 948. If the statute had provided that at street intersections travelers upon one of the intersecting streets should have the right of way over those upon the other, the statute would doubtless supersede the ordinance, but the statute in question contains no such provision. It establishes certain road rules, but contains no provisions determining the respective rights of travelers at street intersections." (*Bruce v. Ryan,* 138 Minn. 264, 164 N. W. 982.)

No authority has been presented upon such a rule as is laid down in this ordinance, but we believe that the situations considered and discussed in the following cases sustain our conclusion herein: *Kolankewiz v. Burke,* 91 N. J. L. 567, 103 Atl. 249; *Pullen v. City of Salem,* 16 Ala. App. 473, 79 So. 147; *Saeger v. Foster,* 185 Iowa, 32, 8 A. L. R. 690, 169 N. W. 681; *Ex parte Daniels,* 183 Cal. 636, 192 Pac. 442; note to 21 A. L. R. 1172, at 1186, and cases cited; *Pember-*

*ton v. Arny,* 42 Cal. App. 19, 183 Pac. 356; *Ham v. Los Angeles County,* 46 Cal. App. 148, 189 Pac. 462; *Mann v. Scott,* 180 Cal. 550, 182 Pac. 281; *In Re Snowden,* 12 Cal. App. 521, 107 Pac. 724. This ordinance simply enlarged and extended the state law and was not in conflict therewith.

[9] Appellants contend that the instruction based on this ordinance persuaded the jury that it was not the duty of an automobile driver to slow down or take any precautions for the protection of a pedestrian who attempted to cross the street between intersections. Instruction No. 7 was as follows:

"You are instructed that 'pedestrians have a right to use a highway and one driving an automobile should use such care in passing pedestrians as a reasonably prudent person would use under all the circumstances,' " and instruction No. 6a told the jury that it was the duty of Mrs. Colquhoun to take reasonable precaution in looking out for pedestrians as well as other vehicles that might be on the street, hence we do not think that this instruction would permit the jury to gain such an inference as contended for by appellants.

Requested instruction No. 19 to the effect that the ordinance introduced would not diminish the degree of care to be used was covered by instructions Nos. 6a and 7 given.

[10] Requested instruction No. 9, in effect told the jury that the driver of an automobile must pay attention to pedestrians who are on the highways and assumes the risk of a pedestrian crossing a street getting out of his course, and that if the pedestrian does not increase his speed after warning, it is the duty of the automobile to slacken its speed and to take no risks. Under the evidence in this case it does not appear that Mrs. Colquhoun assumed any risk or could have, since it is not clear as to when Mrs. Colquhoun first saw Mrs. Quillin and as a matter of law it cannot be said that it was the duty of Mrs. Colquhoun to stop or slacken the speed of her car rather than to turn out to avoid the accident. Mrs. Colquhoun's duty was to avoid the acci-

dent if possible in the best manner possible. Under the facts of this case this instruction was properly refused.

[11] Requested instruction No. 18 to the effect that if Mrs. Colquhoun did not see Mrs. Quillin until she was directly in front of her car, that in itself would be negligence, was properly refused because it was for the jury to decide whether Mrs. Colquhoun should or could have seen Mrs. Quillin sooner than she did. The authorities cited by appellants are to the proposition that a person must use diligence in looking for pedestrians in order to avoid accident, which is a correct statement of the law but does not authorize this instruction.

[12] Instruction No. 5 was as follows:

"If you find from a preponderance of the evidence that the collision of plaintiff, Mrs. Quillin, and the defendants' automobile was an accident and not attributable to the negligence of anyone, then your verdict should be for the defendants."

The inclusion of the words "an accident" is not approved. (*Niosi v. Empire Steam Laundry*, 117 Cal. 257, 49 Pac. 185.)

[13] Appellants contend that the court erred in refusing to allow answers to be read from the deposition of Mrs. King, wherein she stated that immediately after the accident she heard the statement made by someone that Mrs. Colquhoun was a new driver and was just learning to drive her car. Conceding that if the proper foundation had been laid this remark would have been admissible (*Balderachi v. Leach*, 44 Cal. App. 603, 186 Pac. 1060; *Sauer v. Eagle Brewing Co.*, 3 Cal. App. 127, 84 Pac. 425), [14] since it is not clearly shown that this statement was made in the presence of Mrs. Colquhoun or that she heard or was in a position to have heard the remark, we cannot say that the court improperly refused such answer. (*Josephi v. Furnish*, 27 Or. 260, 41 Pac. 424; *Wildeboer v. Peterson* (Iowa), 203 N. W. 284; *Mickenwicz v. United States*, 4 Fed. (2d) 48; *Bass v. Tolbert*, 51 Tex. Civ. App. 437, 112 S. W. 1077; *Henderson v.*

*Northam,* 176 Cal. 493, 168 Pac. 1044; *Kuchenmeister v. Los Angeles & S. L. R. Co.,* 52 Utah, 166, 172 Pac. 725; *Broadway Coal Mining Co. v. Ortkies,* 200 Ky. 8, 254 S. W. 434.)

[15] The following question:

"I will ask you whether or not when the bodily injuries have passed away, injuries such as these I have related, and they still claim they have neurasthenia, if that ailment is or is not largely a mental ailment instead of a physical one?" asked by respondents' counsel of a medical expert called by respondents was permissible, but the following:

"I will ask you if it is not a fact that the medical profession recognize the fact that in that class of cases almost all of them generally improve after the lawsuit or litigation concerning it is over?" was objectionable as cross-examination of respondents' own witness, no necessity therefor appearing, C. S. 8032, but in view of the answer:

"It is my opinion that worry over the outcome of proceedings in court in a damage case, or any case affecting the patient, would materially influence their condition for the worse, and that when the case is settled conditions should improve, I believe so in a majority of cases," was not prejudicial.

[16] The refusal of the court upon cross-examination of Mrs. Colquhoun to allow her answer as to whether or not she took the names of the witnesses who were present at the accident and reported the accident to the sheriff or any police officer was not improper under the facts in this case since her actions in that regard had no bearing upon the negligence causing the collision and were not material to a decision in the case. (*Shimoda v. Bundy, supra; Henderson v. Northam,* 176 Cal. 493, 168 Pac. 1044; *Arrelano v. Jorgensen,* 52 Cal. App. 622, 199 Pac. 855.)

The judgment is ordered reversed and a new trial granted. Costs awarded to appellants.

Wm. E. Lee, J., concurs.

TAYLOR, J., Concurring in Part and Dissenting in Part.
[17] The Court did not err in refusing to give the requested
instructions as to the statutory speed limit "at school houses."
The twelve-mile speed limit has no application to the case of
an adult injured at such place. Even in the absence of
statute, it has been recognized that because of the propensity
of children to play in the roads and streets, and the likeli-
hood of their so playing or rushing into the street "at school
houses," one driving in such neighborhood should be ex-
pected to anticipate children in the roads "at school
houses."

"A person operating a motor vehicle along the streets of
a city or village is bound to recognize the fact that children
will be found playing in the street and that they may some-
times attempt to cross the street unmindful of its dangers.
. . . . It is a matter of common knowledge, that, especially
in cities of considerable size, children use the streets as a
playground, not confining themselves to the sidewalk but
occupying or at unexpected moments running upon or
across the part of the thoroughfare used by vehicles. Of
such use of the streets by children, motorists or users of
other vehicles must be assumed to have knowledge, and,
where their presence can be observed, a degree of care com-
mensurate with the ordinary emergencies presented in these
instances must be exercised. One driving a vehicle must
not assume that children of immature age will exercise care
for their protection and will not expose themselves to danger.
. . . . And, independently of statute or municipal regula-
tion affecting the speed of automobiles when passing school-
houses, it is expected that the driver will proceed at a mod-
erate rate at such places." (Huddy on Automobiles, 6th
ed., sec. 418, pp. 500–502.)

See, also, *Lampton v. Davis Standard Bread Co.*, 48 Cal.
App. 116, 191 Pac. 710; *Tripp* v. *Taft*, 219 Mass. 81, 106
N. E. 578; *Heidner v. Germschied*, 41 S. D. 430, 171 N. W.
208.

It is plain that the legislature, in the enactment of this
statute, was providing for the safety of children, not adults,

because of the likelihood that "at school houses," children, not adults, might reasonably be expected to be found playing in the streets, or might be anticipated to run or come heedlessly into the street. The violation of a traffic law resulting in injury to one not in the class for whose benefit the regulation was made, is not negligence *per se.*

I concur in the decision as to the other matters determined.

WILLIAM A. LEE, C. J.—I concur in the conclusion reached by Mr. Justice Givens that the judgment should be reversed and a new trial granted, and I concur with Mr. Justice Taylor in what is said in the foregoing with reference to the requested instruction as to the statutory speed limit at schoolhouses.

BUDGE, J., Concurring in Part and Dissenting in Part.—After carefully considering the record in this case I have reached the conclusion that the trial court did not err in refusing to give appellants' requested instructions Nos. 2 and 17, covering the provisions of subd. 16, sec. 1, c. 249, Sess. Laws 1921. That subdivision, so far as it relates to the speed limit at schoolhouses, was enacted for the benefit of school children, and when violated as against a child or children it is negligence *per se.* (*Winsor v. Fonda,* 126 Wash. 402, 218 Pac. 219; *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933; *Walters v. City of Seattle,* 97 Wash. 657, 167 Pac. 124.)

From the record it appears that Mrs. Quillin, after coming out of the schoolhouse and on to the sidewalk, as she stepped off the curb, looked up the street to the east and saw a car coming from about 7th Street, approximately 300 feet to the east. Although seeing the car, Mrs. Quillin started across the street and when she reached the middle of the street looked again to the right and saw the approaching car, which seemed not to be under the control of the driver and was coming fast and zigzagging. Mrs. Quillin hesitated and then ran to her car and put one foot on the running-board

and her left hand on the door to open it, and as she did so she was struck by Mrs. Colquhoun's car and injured.

The evidence is clear that there was a pile of wood immediately to the right of the entrance of the schoolhouse, and that there were cars on both sides of the street. One witness who saw Mrs. Quillin come out of the schoolhouse testified that she suddenly emerged from behind the wood and walked rapidly toward her car on the opposite side of the street, and that she hesitated when she got in the middle of the street. Mrs. Colquhoun testified that she was watching the cars on both sides of the street, thinking that possibly one might back out while she was driving down the street, and that she did not see Mrs. Quillin until the latter was within three feet of the Colquhoun car. It appears that the street is only thirty-four feet wide.

Under these facts and circumstances the question for the determination of the jury was what was the proximate cause of the accident. In determining that question, if the jury found that Mrs. Colquhoun, in operating her car, drove it in such a manner or at such a rate of speed as to be the proximate cause of the injury, she would be liable, while, on the other hand, if the acts and conduct of Mrs. Quillin were such as to be the proximate cause of the injury there would be no liability, unless the jury further found, in applying the last clear chance doctrine, that the accident could have been avoided. In other words, it was purely a question of negligence, and for the jury. The jury found by its verdict that Mrs. Quillin was guilty of contributory negligence, and that under the doctrine of last clear chance, which presupposes contributory negligence, the accident could not have been avoided. The jury was instructed on the question of negligence, and while it may be true that some of the instructions are subject to criticism, on the whole and considered together, I am not convinced that the jury was misled by the instructions, or that in giving them the court committed prejudicial error. An instruction may be technically erroneous, but it does not follow that it is prejudicial.

If a person crosses a street between intersections or regular crossings, some additional vigilance is required, and such person must exercise increased caution and diligence to avoid injury, although knowledge of a dangerous condition or obstruction in a street and the use of it notwithstanding such knowledge are not of themselves negligence. In other words, although a person is required to exercise only ordinary care and prudence, yet such care and prudence must be commensurate with the necessities of the case, and maintain a constant level with the dangers of the situation. (*Falls Township v. Stewart,* 3 Kan. App. 403, 42 Pac. 926; *Walters v. City of Seattle, supra.*) But these are all questions of fact for the jury, and since it heard the testimony of all the witnesses, observed their demeanor, and had full knowledge of the location where the accident occurred, and was not misdirected by the instructions of the court to the prejudice of appellants, I know of no reason why the verdict should be set aside and the judgment of the court based thereon reversed.