[No. 26682. Department One. September 27, 1937.]

GEORGE M. FORQUER et al., Appellants, v. HELENE HIDDEN et al., Respondents.[1]

[1]Reported in 71 P. (2d) 1000.

*DuPuis & Ferguson* and *John D. Thomas, Jr.,* for appellants.

*Whittemore & Truscott,* for respondents.

GERAGHTY, J.—The appellants appeal from a judgment in favor of the respondents, entered upon the verdict of a jury in an action brought by them to recover for injuries sustained, while crossing Eastlake avenue, on the unmarked cross-walk at the Garfield street intersection, when struck by an automobile owned by respondent Helene Hidden and driven at the time by respondent Paul McMichael.

It is not disputed that the appellants were struck

on the cross-walk, but the testimony is in conflict as to the distance they had proceeded into Eastlake avenue, beyond the west curb line, when struck. Eastlake is fifty feet between curbs. Two car lines occupy the center of the street; the west rail of the west line is sixteen feet out from the curb.

Appellants testified that, after walking south on the west side of the Eastlake avenue to Garfield street, they stopped at the curb preparatory to crossing to the east side. It was about 8:30 p. m., and the traffic on the avenue was heavy at the time. Two lines of automobiles were moving on each side of the street. After waiting the passage of some southbound automobiles, they looked to the north and saw two southbound automobiles about three-quarters of a block away. They proceeded to cross and had reached the center of the street, or a little beyond, when they stopped to look to the south for northbound traffic. While in this position, they were struck by the left front bumper of the car and thrown to the pavement.

Respondent McMichael, who was corroborated by two companions riding with him in the car at the time, testified that he was driving south, on the west side of the street. Another car, on his right toward the curb, was driving parallel with him, but somewhat ahead; the front of his car was alongside the rear end of the other. He had been driving twenty-five miles an hour until within twenty feet of the cross-walk, when he saw the two men step from in front of the automobile on his right directly into his path. He immediately applied his brakes and had reduced his speed to about five miles an hour when his car struck the appellants. He was driving well west of the center of the street, straddling the outer rail of the west car track. He could not see the appellants enter the cross-walk, on account of the car to

his right, and did not see them until they reached a point immediately in front of his car.

The jury's verdict evidences their belief in the respondent's version of the accident. No issue is made of the sufficiency of the evidence, but the appellants assign several errors based upon erroneous instructions given by the court and the court's failure to give certain instructions requested by them.

■ The first two assignments raise the same question. The court refused to give an instruction requested by the appellants based upon § 36, subd. (a), of the Seattle traffic ordinance, which provides that drivers shall proceed upon the right half of the street and as close as practicable to the right-hand edge or curb of the roadway, but gave an instruction to the effect that the driver of an automobile has a lawful right, in the absence of an overtaking vehicle, or some other unusual situation, to use any part of the space to the center line of the street.

The ordinance was introduced in evidence. Section 36 appears in Art. VII, which is entitled "Operation of Vehicles." It is apparent that this article has to do with the movement of traffic in the street and is not for the protection of pedestrians.

In *Winsor v. Fonda,* 126 Wash. 402, 218 Pac. 219, construing an ordinance of similar import, the court said:

"The only question here is whether it was error for the court to instruct the jury that it was presumptive negligence on the part of the respondents not to have had the automobile as near the right-hand curb as practicable. The section of the ordinance which was embodied in the instruction, and which is above quoted, defines the class for whose benefit it was made. The requirement that a vehicle, except when passing a vehicle ahead, shall keep as near the right-hand curb as practicable, was made in order that the

center of the street might be free and open 'for over-taking traffic.' The appellant was not within the class specified in the ordinance. In *Stoddard v. Smathers,* 120 Wash. 53, 206 Pac. 933, it was held that, under a like provision 'in the traffic ordinance of the city of Everett, it was error to instruct the jury that the violation of the ordinance was negligence as against one for whose benefit the ordinance was not made."

The next two assignments are based upon instructions given and refused by the court in relation to the liability of the owner of the car driven by respondent McMichael.

McMichael, a student at the university, testified that, on the evening in question, he borrowed the car from Miss Hidden, also a student at the university, for the purpose of taking one of his own friends, Dan Steele, down town to meet the latter's father; that this errand was his own, and in no way at the request or for the benefit of Miss Hidden. This was the only testimony offered relative to the use of the car, except that of Dan Steele, who testified that he did not know Miss Hidden, but was driven down town by McMichael to meet his father.

The appellants requested the court to instruct the jury that, in view of the fact that Miss Hidden had admitted ownership of the car, it would be presumed it was driven for the owner; and that, if the jury should find the driver negligent, and such negligence was the proximate cause of the injuries sustained by the appellants, they should find for the plaintiffs and against both the defendants, unless the presumption attaching to ownership was overcome by credible and convincing evidence.

The court denied the instruction as requested, and gave one to the effect that the burden was upon the plaintiffs, by a preponderance of the evidence, to prove that McMichael was an agent of Miss Hidden and was

acting within the scope of such agency at the time of the collision.

While a defendant himself, in so far as the action affected his co-defendant Miss Hidden, McMichael was a disinterested witness. His testimony might be said to be against his own interest, since he assumed full responsibility for the operation of the car. Doubtless, in refusing to give the requested instruction, the court acted on the view that, with this uncontradicted disinterested testimony, the presumption was no longer in the case. But, in any event, the appellants were not prejudiced by the court's refusal to give their requested instruction or by the instruction that was given, because the jury's verdict was in favor of both defendants. On appellants' own theory, Miss Hidden could be held liable only if the jury had found McMichael liable. *Ogilvie v. Hong,* 175 Wash. 209, 27 P. (2d) 141.

Appellants next complain of the giving of instruction 14, as follows:

"If you believe that the headlights on defendants' car were burning, and that the driver was proceeding at a rate of speed not to exceed twenty-five miles per hour, then the defendant driver had the right to assume that any pedestrians would exercise reasonable care for their own safety and would not step into the street in front of defendants' car in such close proximity thereto as to render a collision likely, and the defendant driver would be entitled to act upon such assumption until he knew, or in the exercise of reasonable care should have known, otherwise."

It is argued that this instruction was prejudicial, in that it subtly assumed that the appellants stepped into the street in front of respondent's car. The instruction was not susceptible to this construction. It is hypothetical, prefaced by the phrase "if you believe." While not letter-perfect in construction, it submitted to the

jury, for its finding, the respondent's theory of the manner in which the collision occurred. Respondent McMichael's testimony was that, as the car came to within twenty feet of the intersection of the cross-walk, the appellants suddenly stepped from in front of the car, to the right, into the pathway of his car. The jury could not have been misled by the language of the instruction.

The next instruction complained of, No. 15, is as follows:

"If you believe that a reasonably prudent person, placed in the same circumstances as the defendant driver, would not, in the exercise of ordinary care, have reasonably anticipated the danger of a collision or accident which would require him to sound his horn, then the failure of the defendant driver to sound his horn would not be negligence."

We see no merit in appellants' objection to this instruction. In their complaint, they charged the respondent with negligence in failing to sound any warning of the approach of the car. In his testimony, McMichael admitted he did not sound his horn for the reason that he knew it would not do any good.

"They were right there in front of me so I made every effort to stop and avoid them. I did not waste any time sounding a horn."

This raised an issue which was properly submitted in the instruction complained of.

Finally, the appellants complained of expressions used in two instructions on the relative rights of the parties in respect of the right of way. Only general exceptions were taken to these instructions as being incorrect statements of the law and not supported by the evidence. In their brief, the appellants single out for criticism one expression in each of the

instructions. The trial court's attention should have been directed to these expressions. One of the purposes of exceptions to instructions is to give the court an opportunity to correct them if it is satisfied of their error.

■ While the appellants have singled out for criticism expressions detached from their setting, an examination of the instructions, as a whole, satisfies us that the case was fairly and adequately submitted to the jury. As was said in *O'Connell v. Home Oil Co.*, 180 Wash. 461, 40 P. (2d) 991, it is a settled rule in this state that, although detached statements or expressions of the court in its charge to the jury may be technically erroneous, yet if the instruction as a whole fairly states the law, there is no prejudicial error.

The judgment is affirmed.

STEINERT, C. J., BLAKE, BEALS, and MILLARD, JJ., concur.