HARRY STRAUSS, as Administrator, etc., of MILTON STRAUSS, Deceased, Appellant, *v.* FRED SCHNEIDER, INC., Respondent.

First Department, July 11, 1918.

Negligence — contributory negligence — death of boy struck by automobile truck — when failure to look in each direction not negligence as matter of law.

Where in an action for the death of a boy alleged to have been caused by the· negligence of the defendant's chauffeur in driving an automobile truck it appears that if the rules of traffic had been observed the boy, who was within four feet of the north curb of an east and west street, need only have anticipated injury from some vehicle coming westward in said street, it cannot be said as a matter of law that he was negligent in failing to look in each direction before taking his position in the street and it is reversible error to so charge where the evidence is close and conflicting.

APPEAL by the plaintiff, Harry Strauss, as administrator, from a judgment of the Supreme Court in favor of the

defendant, entered in the office of the clerk of the county of Bronx on the 21st day of December, 1917, upon the verdict of a jury, and also from an order entered in said clerk's office on the 12th day of November, 1917, denying plaintiff's motion for a new trial made upon the minutes.

· *Charles Goldzier* of counsel [*Frederick Hemley* with him on the brief; *House, Grossman & Vorhaus,* attorneys], for the appellant.   ·

*William Dike Reed* of counsel [*William B. Shulton* with him on the brief], for the respondent.

SMITH, J.:

The action is brought to recover for the death of plaintiff's son, caused, as it is claimed, by the negligence of the defendant's chauffeur in driving an automobile truck. There was a sharp conflict in the evidence, the plaintiff's evidence tending to show that the young boy, about nine years old, was standing in the roadway near the north curb of One Hundred and Seventy-second street, and while picking up a ball at that place the defendant's auto truck, driving up Washington avenue to the north, turned to the east into One Hundred and. Seventy-second street and came near enough to the north curb to strike the plaintiff's son and cause his injuries. The defendant's evidence tended to show that the plaintiff's son was playing upon the west side of Washington avenue; that for some reason he started to run across the street; that there was a motor car coming from the north, and that in running across he ran into this auto truck; that the driver of the auto truck, in order to avoid him, turned into One Hundred and Seventy-second street, but that he finally fell under the auto truck and received the injuries which caused his death. The jury returned a verdict for the defendant.

Without discussing in detail the evidence submitted, we are of opinion that there was abundant evidence to support the verdict for the defendant, and that the plaintiff's challenge of the verdict as against the weight of evidence cannot be sustained.

The judgment, however, must be reversed for an error in the charge. Upon plaintiff's evidence it would appear that

his son was playing at the northeast corner of Washington avenue and One Hundred and Seventy-second street, and about eight feet into One Hundred and Seventy-second street from the curb of Washington avenue and within three or four feet from the north curb of One Hundred and Seventy-second street. He was stooping to get a ball, which had been thrown to him, when the defendant's truck ran into the boy and injured him. At the close of the case and after the charge to the jury, the defendant's attorney asked the court to charge the jury, " if they believe the boy was standing or bending down in the street, and they find that the boy did not look in each direction before taking up that position, that then the boy was negligent." The court responded, " Yes, I so charge," and the plaintiff's counsel excepted. This would seem to be clearly erroneous. The defendant's truck was coming north upon Washington avenue. The boy was at least within four feet of the northerly curb of One Hundred and Seventy-second street. If the rules of traffic had been observed, he need only anticipate injury from some vehicle coming westward in One Hundred and Seventy-second street. It cannot be said, therefore, as matter of law that the boy was negligent for failing to look *in each direction* before taking his position in the street. This was the last word to the jury. The case had been a close one upon the facts. It cannot be said that this charge did not influence the verdict.

The judgment and order must, therefore, be reversed and a new trial granted, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, PAGE and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.