Common Pleas Court of Hamilton County.

### EDWARD GUTH v. TOBY HEINES.

Decided February 2, 1932.

*Siegfried Geismar,* for the motion.
*D. T. Hackett, contra.*

DARBY, J.

The defendant moved for a new trial upon nine several grounds.

First ground: That the ordinance set forth in plaintiff's petition is unconstitutional.

That ordinance required the driver of any vehicle to give "warning by four blasts of a horn  *  *  *  or other signal" required by the ordinance, before backing. "While backing the driver shall have a clear view of the rear." It is claimed that this ordinance violates the Constitution in that it is in conflict with Section 6310-21, General Code, which provides:

"Before backing, drivers of vehicles shall give ample warning, and while backing vigilance shall be exercised not to injure those behind."

The test to determine as to whether or not the ordinance is in conflict with general laws is clearly stated in *Struthers, Village of*, v. *Sokol*, 108 O. S., 263, as follows:

"2. In determining whether an ordinance is in conflict with general laws, the test is whether the ordinance permits or licenses that which the statute forbids, and vice versa.

"3. A police ordinance is not in conflict with the general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law, or because certain specific acts are omitted in the ordinance but referred to in the general law, or because different penalties are provided for the same acts, even though greater penalties are imposed by the municipal ordinance."

The "ample warning" of Section 6310-21, General Code is declared by the ordinance to be "four blasts of a horn" and other signal "before backing."

In *Youngstown* v. *Evans*, 121 O. S., 342, 348, the court say:

"In *Village of Struthers* v. *Sokol*, 108 O. S., 263, 140 N. E., 519, it was decided, all the members of this court concurring, that an ordinance would not be invalid because different penalties are provided for in the general law on the same subject, even though greater penalties are imposed by the municipal ordinance. That case also lays down the rule whereby a conflict may be determined."

The ordinance in question is not in conflict with general

law, and is a valid exercise of Legislative authority by the council.

The second ground is that the court erred in refusing to instruct a verdict for the defendant, for the reason that the plaintiff set forth in his petition that he was between the automobile of the defendant and the truck of which plaintiff was the driver, adjusting a state license tag when the defendant backed her car into him and therefore he was guilty of contributory negligence.

The answer does set forth an ordinance forbidding the making of repairs in the street, but as to whether or not the plaintiff was guilty of contributory negligence in being between the two cars at the time is not such matter of law that the court can determine it.

The General Code provides the duty of one backing his car, in addition to giving "ample warning", in these words:

"While backing, vigilance shall be exercised not to injure those behind."

The ordinance involved has the same purpose in mind, when it provides:

"While backing, the driver shall have a clear view of the rear."

To say that one is guilty of contributory negligence because he happens to be between two cars on a street, would be saying what is not a matter of law, but at the most a question to be submitted to the jury.

Whether the plaintiff was merely standing in front of his car doing nothing, or was standing there screwing on a license plate does not relieve the defendant of the duty of vigilance while backing. In any event, his presence there could be only a remote cause of the accident, whereas the backing of the car in front without warning, and without having a clear view, was the proximate cause. The fact that the plaintiff might have been guilty of violating an ordinance is no invitation to the defendant to violate another ordinance and cause injury to him; neither is his violation of an ordinance not passed for the benefit of the defendant, any excuse for her negligence. See 1 Berry on Automobiles, Sec. 225,

226, 227; *Steele* v. *Burkhardt,* 104 Mass., 459; *Kearns* v. *Sowden,* 104 Mass., 53; *Hadley* v. *Harns & Scott,* 136 Wash., 641; *Quillan* v. *Colquhoun,* 42 Idaho, 522.

Not only is this not a case in which the court could determine as a matter of law that the plaintiff was guilty of contributory negligence, but it was almost a case of *res ipsa loquitur,* in that while the statements and the testimony show that the plaintiff was standing upright, in mid-day, between the two vehicles, and the defendant got into her automobile, and though she had the duty to exercise vigilance not to injure him, she backed her car right on him and injured him.

The plaintiff does not claim that the defendant actually knew of the presence of the plaintiff, so as to make a suggestion of a last clear chance case, but one of two things is true—if she saw him and deliberately backed up on him without ample warning, she was guilty almost of wilfull injury, and if he was there and she failed to look to see whether he was there, she was violating both the statute and the ordinance. Her car was standing still, and her claim merely is that she gave one blast of her horn, before she backed, and she claims that she looked through her windshield.

As to the situation where the cars were standing and were put in motion, some pertinent observations are to be found in *Ziehm* v. *Vale,* 98 O. S. 306, in which the changing of an agency from a static condition to a moving condition states a very great difference in the responsibility of persons otherwise not responsible.

See above cases for the principle that in a case such as this, the claim of contributory negligence presents merely a jury question and not a question of law.

The claim is next made that the verdict is not sustained by sufficient evidence, and is contrary to law. It might be sufficient to say that the facts were submitted to the jury and the jury found in favor of the plaintiff, thereby establishing negligence of the defendant and negativing negligence of the plaintiff. The facts undoubtedly were that the plaintiff was between the two cars and that the defendant did not see him there, although it was noonday and she says she looked. There is no dispute as to how

the accident happened, and that is that the plaintiff was standing in front of his own truck, and the defendant backed her car onto him, causing the injury, so that the Court is of the opinion that the verdict is sustained by sufficient evidence and is not contrary either to the evidence or to the law.

It is next claimed that the verdict is excessive. A rather painful injury was inflicted upon the plaintiff, the testimony being that there was a slight fracture of one of the bones of his leg, which required him to be taken to the hospital where he was confined a short time, then was confined to his home for eight weeks and three days; that then he for about seven weeks walked on cruthcs, then was required for nine or ten weeks to wear a brace, advised by his doctor, for the purpose of strengthening his leg; that then he was required to walk with a cane for two or three weeks, and that now he is not sure of his step, cannot move as rapidly as he could before, and has suffered great pain. He testified that his wages were $31.00 a week, and taking the mere time that he was confined at home, which was eight and a half weeks, he had a substantial loss as to wages. The evidence is not clear as to just how much of the time of his disability he was prevented from earning his wages. No evidence was offered on the subject of medical expenses, and nothing of course submitted to the jury upon that subject.

The verdict was for $750.00. Instead of being excessive, the court is of the opinion that the verdict was for a less amount than it might well have been, and had it been considerably larger the Court would not have been inclined to disturb the verdict on that account.

The last point urged on the argument was that the court erred in admitting the brace referred to in evidence, and allowing it to go to the jury. It seems that that is a proper item of evidence. The identical brace used on this man's leg was shown to the jury, and tended to give some assistance to the jury in determining the nature of the injury, and in any event no prejudice could possibly have arisen by reason of the introduction of that item of evidence.

The motion for new trial will be overruled.